WIEGAND et al. v. ALBERT LEWIS LUMBER & MFG. CO. et al.

(Circuit Court of Appeals, Third Circuit. January 22, 1908.)

No. 20.

1. CORPORATIONS—BONDS—VALIDITY UNDER CONSTITUTIONAL PROVISIONS.

Bonds issued by a corporation *held* void under Const. Pa. art. 16, § 7, which provides that no corporation shall issue stock or bonds except for money, labor done, or money or property actually received, and that all fictitious increase of stock or indebtedness shall be void, where such bonds were issued to a promoter and his associates in payment for options on the property of competing companies of comparatively small, actual, and uncertain prospective value.

2. SAME—CHARTER AUTHORITY TO ISSUE BONDS FOR BORROWED MONEY.
Such bonds cannot be considered as having been issued for borrowed money so as to render them valid under a provision of the company's charter authorizing it to borrow money, and bond its property therefor.

Appeal from the District Court of the United States for the Middle District of Pennsylvania.

Wm. S. McLean, for appellants.

John G. Johnson, for appellees.

Argued before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

GRAY, Circuit Judge. This is an appeal from an order of the District Court, sitting in bankruptcy, for the Middle District of Pennsylvania, whereby the purchasers of the bankrupt's real estate, the holders of certain first-mortgage bonds of the said bankrupt corporation, were not permitted to deposit said bonds with the trustee, and receive credit therefor on the balance of the purchase money due.

The order of sale made by the referee set forth the following terms:

"Terms of sale to be $2,000 down on day of sale, and the balance on confirmation of sale and delivery of deed; and in case a lienor purchase the said real estate and leasehold interests, said lienor, after making the down payment aforesaid, may receive credit for a due proportion of his lien on account of the purchase price; and if the validity of the lien of such purchasing lienor shall be questioned or disputed by any person interested, the validity thereof shall be determined by the referee, subject to review by the judge, and in case it shall be determined that the lien is invalid and that the purchaser is not entitled to receive the money, the sale will be set aside and the property resold, unless the full price be paid in cash to the trustee."

Upon the return of the sale under this order, exceptions were filed by certain creditors, the appellees here, contending that no legal consideration was given for the bonds secured by said mortgage, and that the trustee ought not to have allowed to the purchasers a credit on the balance of their bid. Testimony was taken upon the exceptions, pro and con, and after argument the referee found that the exceptions should be overruled and the sale confirmed. Exceptions to this ruling of the referee brought the matter before the District Court, where they were sustained, the court holding that the bonds were invalid under the Constitution of Pennsylvania, which provides that "no corporation shall issue stock or bonds, except for money, labor done, or money or property actually received; and all fictitious increase of stock or indebtedness shall be void." Article 16, § 7. The court was also of opinion that the said bonds should not be regarded as valid obligations of the company, because, though the act of assembly by which it was incorporated gave the company power to borrow money, not exceeding in amount one-half of the capital stock at the time the loan was made, the authority given to bond the property and franchises of the company in this way is for money borrowed, and nothing else, and that the transaction in question could not be made, by any liberality of construction, to assume that character.

Agreeing with these conclusions, and with the findings of fact upon which they are founded, we are content to rest our decision upon

the reasons as stated in the very clear opinion of the learned judge of the court below. Referring to this opinion, In re Wyoming Valley Ice Co. (D. C.) 153 Fed. 787, the judgment of the court below is affirmed.